# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED CREDIT RECOVERY, LLC,**

          **Plaintiff,**

**-vs-**                                  **Case No.  6:11-cv-1714-Orl-31KRS**

**JASON BEXTEN; IMPERIAL
RECOVERY PARTNERS, LLC; I
RECOVERY LLC;
REGENT ASSET MANAGEMENT
SOLUTIONS; MICHAEL SCATA; ERIC
HAM; MIRANDA HAM; SHANE
SCHNEIDER; MICHAEL REEDS; JOSH
MILLER; and BART OWENS,**

          **Defendants.**

## ORDER

This matter comes before the Court after a hearing, pursuant to Fed.R.Civ.P. 65 on the

Temporary Restraining Order (Doc. 6) entered by the Court on October 26, 2011 and the

Emergency Motion to Dissolve the Temporary Restraining Order (Doc. 12) filed on October 31,

2011.  In addition to considering those documents, the Court has considered the various affidavits

submitted by the parties, the evidence at the hearing, and the arguments of counsel.

The parties are all involved, in one way or another, in the business of debt collection.  The

Plaintiff, United Credit Recovery ("UCR"), buys debts from the original creditors and then assigns

it to debt collection agencies for collection, while retaining ownership of the debt.  Defendants

Jason Bexten ("Bexten") and Michael Scata ("Scata") were the principals in Defendant Imperial

Recovery Partners, LLC ("Imperial"), one of the agencies to which UCR would assign debts for

collection, and which would earn a percentage of the debts it was able to collect.  Bexten and Scata were also involved in the operations of an earlier debt collection agency, Defendant Regent Asset Management Solutions, and an existing agency, Defendant I Recovery LLC ("I Recovery").  The other individual defendants are or were employees of one or more of these agencies.

The relationship between UCR and Imperial ran into trouble.  On Friday, September 30, 2011 Imperial shut its doors.  On Monday, October 3, 2011 an existing agency that had been collecting for UCR – World Recovery Service, LLC ("World Recovery") – hired many of Imperial's old employees and began collecting at least some of the same UCR-owned debts that Imperial had been collecting previously.  Bexten had written the software that had been used by Imperial to operate its agency, which software was apparently utilized by World Recovery after the transition from Imperial.  In mid-October, Bexten disabled World Recovery's access to his software.  Apparently, this action had the effect of preventing UCR and its affiliates almost entirely from doing business.[1]  Bexten also began processing, for his own benefit, debt payments that had been intended for Imperial.

On October 25, 2011, UCR filed the instant suit and a motion for a temporary restraining order, which was granted on October 26, 2011.  UCR provided a copy of the TRO to the entity that was processing payments for Bexten.  In response, out of fear of violating the TRO, that entity has refused to forward payments to him or I Recovery, even payments not at issue in this case.

The Court held a hearing on the matter on November 3, 2011, at the conclusion of which the parties reached an agreement on some of the issues surrounding the TRO.  The hearing was set

---

[1]UCR's principal, Leonard Potillo, testified that a small percentage of UCR's overall debt portfolio was not affected by Bexten's actions and had been assigned to agencies for collection.

to resume on November 4, at which time the parties announced that they had reached an agreement regarding the remaining issues surrounding the TRO.  The parties are in the process of memorializing their agreement, which will be incorporated into a subsequent order of this Court. In the interim, it is hereby

     **ORDERED** that the Temporary Restraining Order (Doc. 6) is **DISSOLVED**.  The Parties shall abide by the terms of the agreement they reached yesterday afternoon and today, which terms have been announced in open court, and which will be memorialized in a subsequent order. This order and the underlying agreement between the parties are without prejudice to the future assertions of the parties' respective claims.

     **DONE** and **ORDERED** in Chambers, Orlando, Florida on November 4, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party