UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED CREDIT RECOVERY, LLC,    CASE NO: 6:11-cv-1714-ORS-18-KR

    Plaintiff,

v.

JASON BEXTEN, IMPERIAL RECOVERY
PARTNERS, LLC., I RECOVERY, LLC,
REGENT ASSET MANAGEMENT SOLUTIONS,
MICHAEL SCATA, ERIK HAM,
MIRANDA HAM, SHANE SCHNEIDER,
MICHAEL REEDS, JOSH MILLER and
BART OWENS,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CAUSE OF ACTION, AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Defendants, ERIK HAM, MIRANDA HAM, SHANE SCHNEIDER, MICHAEL REEDS, JOSH MILLER, and BART OWENS (collectively, the "Nominal Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and, alternatively, 12(e), hereby move for dismissal of Plaintiff's Complaint (Doc. No. 1) for lack of personal jurisdiction and for failure to state a cause of action, and, alternatively, move for a more definite statement, and as grounds therefore state as follows:

I. **Introduction.**

All of the Nominal Defendants were previously employees of Defendant, I Recovery, LLC ("I Recovery"). And, Defendants, Shane Schneider and Michael Reeds were previously employees of Defendant, Imperial Recovery Partners, LLC ("Imperial"). The Nominal

Defendants were not primary participants in the misconduct alleged in the Complaint (to the extent such misconduct occurred at all) but, rather were merely performing their administrative duties as employees of the corporate defendants. This is evident because the Complaint lacks specific allegations of misconduct by the Nominal Defendants.

The Nominal Defendants have filed with this Motion Affidavits attesting to their lack of personal knowledge of or involvement with the misconduct alleged in the Complaint and confirming that, to the extent they were involved, it was solely in their capacity as employees, at the direction of their supervisors, within the course and scope of their employment. No grounds exist for this court to exercise personal jurisdiction over the Nominal Defendants and there is no reason to bring the Nominal Defendants before this Court to defend this matter.

The personal jurisdiction issue will be addressed first in this Motion, followed by a discussion of the Plaintiff's failure to state a cause of action against the Nominal Defendants. In the unlikely event that the Court finds it may exercise personal jurisdiction and that the Plaintiff has stated a cause of action, the Nominal Defendants then seek a more definite statement so that the Nominal Defendants have sufficient information to answer the Complaint.

**II.   Standard for dismissal for lack of personal jurisdiction.**

A plaintiff has the burden "to plead sufficient material facts to establish the basis for exercise of" personal jurisdiction. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. (Fla.) 2000) (citing *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 583 (M.D. Fla. 1991)). If the plaintiff meets this burden

> the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute [that provides the basis for exercising personal jurisdiction over the defendant]. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.

*UCR v. Bexten, et al.*
*Motion to Dismiss for Lack of Personal Jurisdiction*

*Id.* (quoting *Prentice*, 779 F.Supp. at 583).

This Court may only exercise personal jurisdiction over the Nominal Defendants if it is established that (1) the acts alleged against the Nominal Defendants fall within Florida's long-arm statute, Section 48.193, Florida Statutes; and (2) exercise of personal jurisdiction over the Nominal Defendants complies with the Due Process Clause of the Fourteenth Amendment. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. (Fla.) 1999).

Florida's long-arm statute provides in relevant part[1] as follows:

> (1) Any person, whether or not a citizen or resident of this state, who <u>personally</u> or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> > (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> >
> > (b) Committing a tortious act within this state.

Section 48.193, *Florida Statutes* (2011) (underline added). Because, as described below, the Nominal Defendants were protected by the corporate shield doctrine for any actions they took, they did not "personally" do any acts falling under Florida's long-arm statute, as would be required to meet the first step of the two-step personal jurisdiction analysis. *See Doe v. Thompson*, 620 So.2d 1004, 1005-1006 (Fla. 1993); *see also State v. Wyndham Int'l, Inc.*, 869 So.2d 592, 599 (Fla. 1st DCA 2004); *Rensin v. State*, 18 So.3d 572, 574 (Fla. 1st DCA 2009).

Since the Nominal Defendants' alleged actions do not fall under the long-arm statute, the Court will not need to reach the question of their minimum contacts with the State of Florida. *Posner*, 178 F.3d at 1214 (two-step personal jurisdiction analysis is (a) forum state's long-arm

---

[1] Because the Plaintiff does not meet its burden of either specifying the section of Florida's long-arm statute that it is proceeding under, or alleging sufficient facts to make clear which section it is proceeding under, the Nominal Defendants assume that Plaintiff is proceeding under this section.

statute and (b) minimum contacts); *Wyndham Int'l, Inc.*, 869 So.2d at 596 (step two is unnecessary where long-arm statute is not satisfied); *Rensin*, 18 So.3d 574 (same). Nonetheless, even if their minimum contacts with Florida were analyzed, the Nominal Defendants have made clear in their Affidavits that their minimum contacts with Florida would not pass constitutional muster. They have had no personal contacts with Florida, and any contacts in their role as an employee are clearly covered by the corporate shield doctrine, meaning that personal jurisdiction would not "comport with 'fair play and substantial justice.'" *Wyndham Int'l, Inc.*, 869 So.2d at 599-600 (quoting *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2184 (1985)).

### III. Corporate shield doctrine means the Court may not exercise personal jurisdiction over the Nominal Defendants.

The corporate shield doctrine prevents this Court from exercising personal jurisdiction over the Nominal Defendants because, as alleged in the Complaint at paragraphs 7-12, they were acting within the scope of their employment and, therefore, were not acting "personally". *See* Section 48.193, *Florida Statutes* (2011) (long-arm statute requires defendant to have acted "personally"); s*ee Thompson*, 620 So.2d at 1005-1006; *see also Wyndham Int'l, Inc.*, 869 So.2d at 599; *see also Rensin*, 18 So.3d at 574. Because they were not acting personally but, instead, as employees, personal jurisdiction is defeated at step one (application of the forum state's long-arm statute) without the Court even having to analyze step two (constitutionally sufficient minimum contacts). *Wyndham Int'l, Inc.* at 596; *Rensin* at 576.

Under the corporate shield doctrine, "acts of a corporate employee performed in his corporate capacity do not form the basis for jurisdiction over the corporate employee in his individual capacity." *Rensin v. State*, 18 So.3d at 575 (citing *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993)) (internal punctuation omitted). Although the "corporate" shield doctrine may imply that it only applies to "corporations", the Courts have extended the protections to both

limited liability companies and the employees of limited liability companies. *Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C.,* 821 So.2d 1183, 1187 (Fla. 4th DCA 2002); *Rensin* 18 So.2d at 574 n.1. The Florida Supreme Court explained that "it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Thompson* at 1006 (internal punctuation omitted).

In the instant case, not only does the Complaint affirmatively allege at paragraphs 7-12 that the actions complained of by the Nominal Defendants occurred while they were "acting within the scope and service of [their employer] or other relationship as alleged herein", but this is also confirmed by the Nominal Defendants' Affidavits. Therefore, the Nominal Defendants' actions are protected by the corporate shield doctrine, were not done "personally" by them, and do not satisfy Florida's long-arm statute. *See* Section 48.193, *Florida Statutes* (2011) (long-arm statute requires defendant to have acted "personally"). This defeats personal jurisdiction at step one of the jurisdictional analysis without even needing to move to step two. *See Posner,* 178 F.3d at 1214, 1220 (two-step of personal jurisdiction analysis is (a) forum state's long-arm statute and (b) minimum contacts); *Wyndham Int'l, Inc.,* 869 So.2d at 596 (step two is unnecessary where long-arm statute is not satisfied); *Rensin,* 18 So.3d at 576 (same).

Although the minimum contacts analysis is unnecessary since the Nominal Defendants actions do not satisfy Florida's long-arm statute, the Nominal Defendants briefly review their lack of minimum contacts with Florida in an abundance of caution. It should be noted, of course, that for the purpose of the personal jurisdiction challenge raised by the Nominal Defendants, it is <u>the Nominal Defendants'</u> minimum contacts with Florida that are important, not those of their employers. *State v. Wyndham Int'l, Inc.,* 869 So.2d at 597. Other than the conclusory and

*UCR v. Bexten, et al.*
*Motion to Dismiss for Lack of Personal Jurisdiction*

unsupported allegation at paragraph 14 of the Complaint that "all Defendants have engaged in substantial and not isolated activity within Florida", there are no allegations that the Nominal Defendants have personally had any contact, much less the constitutionally required "minimum contacts," with Florida to support personal jurisdiction over them. *See Future Tech. Today, Inc. v. OSF Healthcare Systems*, 218 F.3d at 1249 (plaintiff has burden of initially establishing personal jurisdiction). Indeed, the Nominal Defendants' Affidavits deny all personal contacts with Florida.

At least as to Count I (Breach of Contract – Imperial Recovery), Count II (Breach of Contract – I Recovery), and Count III (Unjust Enrichment), this Court may not exercise personal jurisdiction over the Nominal Defendants. The corporate shield doctrine prevents application of the long arm statute because the Nominal Defendants have not personally committed any act bringing them under Florida's long-arm statute. *See Doe v. Thompson*, 620 So.2d at 1005 - 1006; *State v. Wyndham Int'l, Inc.*, 869 So.2d at 599; *Rensin v. State*, 18 So.3d at 575 - 576. Further, the Nominal Defendants do not have sufficient minimum contacts to constitutionally bring them before this Court. The claims against the Nominal Defendants should be dismissed for lack of jurisdiction.

### IV. Corporate shield doctrine also applies to allegations of intentional torts because Nominal Defendants were not primary participants.

The Nominal Defendants recognize that the Florida Supreme Court has designated "fraud or other intentional misconduct" as an exemption to the corporate shield doctrine. *Doe v. Thompson* at 1006 n.1; *Rensin v. State* at 575. However, Florida courts have shown that just adding a cause of action alleging an intentional tort does not automatically do away with the corporate shield doctrine and bring a defendant under Florida's long-arm statute. *See e.g., Rensin v. State*, 575-576. Instead, the specific allegations as to each Defendant must be analyzed

to determine whether each Defendant's actions are covered by the corporate shield doctrine, i.e. whether each defendant was a "primary participant" in the intentional misconduct. *Id.*; *State v. Wyndham*, 869 So.2d at 595-596, 599. If a defendant was not a primary participant in the intentional misconduct, his or her actions will not satisfy Florida's long-arm statute and personal jurisdiction cannot be established. When determining whether a complaint alleges that an employee was a primary participant, courts look to a myriad of factors including:

(a)  Was the employee merely performing administrative or ministerial functions? *Citibank (South Dakota) N.A. v. Nat'l Arbitration Council, Inc.*, 2006 WL 2691528, *7 (M.D. Fla.) (not reported in F.Supp.2d).

(b)  Did the employee have the authority to control or implement the alleged intentional misconduct and did the employee actually control or implement it? *Wyndham* at 599.

(c)  Did the employee personally accept any funds procured by the alleged intentional misconduct? *Wyndam* at 598-599.

(d)  Were the employee's actions directed at Florida residents and calculated to cause injury to Florida residents? *Wyndham*, at 597-598.

(e)  Did the employee personally, directly, and intentionally engage in the specific alleged intentional misconduct? *Rensin* at 575-576; *Wyndham* at 597 - 598; *Citibank* at *7.

As mentioned above, Plaintiff does not even carry its initial burden of alleging the specific conduct under Florida's long-arm statute that the Nominal Defendants allegedly engaged in to create personal jurisdiction in Florida. *Wyndham* at 596; *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. (Fla.) 2000) (plaintiff has initial burden of demonstrating jurisdiction). Plaintiff could have met its burden "either by alleging the language of the statute in the complaint without pleading supporting facts or by alleging specific facts indicating that the defendant's actions fit within one of the sections of Florida's long-arm statute, section 48.193." *Wyndham* at 596. Plaintiff here did not allege the specific part of Florida's

long-arm statute that it contends applies nor did it put forth any specific facts describing the Nominal Defendants' actions giving rise to personal jurisdiction in Florida.

As to Mr. Ham, Ms. Ham, and Mr. Owens, the sum total of the specific allegations against them are that they are the president, office manager, and collection manager, respectively, of I Recovery. See Complaint at Paragraphs 7-8, 11, 24-25. Since these allegations do no include any specific actions allegedly taken by Mr. Ham, Ms. Ham, and Mr. Owens, the Plaintiff has clearly not met its burden of alleging specific actions demonstrating that they were primary participants in the alleged intentional misconduct. *See Wyndham* at 595-596, 599; *Rensin* at 575-576. Further, Mr. Ham, Ms. Ham, and Mr. Owens have each filed Affidavits specifically contesting this Court's personal jurisdiction over them and specifically denying the generic allegations throughout the Complaint allegedly applying to all of the Defendants in the lawsuit. *See Rensin* at 576 (affidavit denying allegations in complaint shifts burden back to plaintiff to come forward with its own affidavit).

As to Mr. Miller, Plaintiff simply alleges that he is the "manager of I Recovery's vending machines" and "was discovered by UCR to have posted $1 million in payment plans owed to UCR." Complaint at Paragraphs 12 and 28. There is no indication as to how his alleged action harmed UCR, how it gives rise to personal jurisdiction in Florida, or how it makes him a primary participant in the alleged misconduct. Mr. Miller's Affidavit denies any role in the generic allegations throughout the Complaint allegedly applying to all of the Defendants in the lawsuit. Even assuming that the allegations in paragraphs 12 and 28 would satisfy Florida's long-arm statute but for the corporate shield doctrine (they do not), they fall far short of demonstrating that Mr. Miller was a primary participant in the alleged intentional misconduct. The actions attributed in the Complaint to Mr. Miller were simply administrative tasks and, as such, do not

negate the protections of the corporate shield doctrine, even for allegations of intentional torts. *See Citibank* at *7. Further, his Affidavit makes clear that he does not have the authority to decide to engage in the conduct he is accused of or to direct others to engage in it, nor did he benefit personally from any of the actions allegedly taken. *Rensin* at 575-576; *Wyndham* at 596-599. Therefore, this Court may not exercise personal jurisdiction over Mr. Miller because his actions do not satisfy Florida's long-arm statute. *See Wyndham* at 595-596, 599 (only primary participants in alleged intentional misconduct are liable for intentional torts notwithstanding the corporate shield doctrine); *Rensin* at 575-576 (same).

As to Mr. Reeds and Mr. Schneider, Plaintiff alleges slightly more specific actions on their part, but still falls short of meeting its burden of pleading that they were primary participants in the alleged intentional misconduct, particularly in light of Mr. Reeds' and Mr. Schneider's Affidavits. *See Wyndham* at 596; *Future Tech.* at 1249 (plaintiff has burden of proving personal jurisdiction). The only specific allegations as to Mr. Reeds and Mr. Schneider are that they "are computer programmers for Imperial Recovery and I Recovery who downloaded UCR's customer accounts from UCR's computers in Florida and then removed and erased those records from the system so that UCR could no longer view them, communicate with its customers or transact business in any way." Complaint at Paragraph 26. Mr. Reeds' and Mr. Schneider's Affidavits make clear that they were simply following the directions given to them by their supervisors and carrying out their administrative IT functions. *See Wyndham* at 595-596, 599 (only primary participants in alleged intentional misconduct are liable for intentional torts notwithstanding the corporate shield doctrine); *Rensin* at 575-576 (same). Mr. Reeds' and Mr. Schneider's Affidavits also state that they do not have the authority within Imperial or I Recovery to make the decision to carry out the actions they took nor to direct others to carry out

those actions. *See Wyndham* at 599 (authority, or lack thereof, is a factor in determining primary participants). Further, neither Mr. Reeds nor Mr. Schneider personally benefited from the alleged actions. *See Wyndham* at 598-599 (lack of personal benefit is a factor in determining primary participants). Therefore, the corporate shield doctrine protects Mr. Reeds and Mr. Schneider, their actions do not satisfy Florida's long-arm statute, and the exception to the corporate shield doctrine for intentional misconduct does not apply since neither of them were primary participants in the alleged intentional misconduct. *See Wyndham* at 595-596, 599 (no personal jurisdiction where defendant was not primary participant); *Rensin* at 575-576 (same). Finally, even if this Court were to find that Mr. Reeds and Mr. Schneider were not protected by the corporate shield doctrine and their actions met Florida's long-arm statute, their Affidavits demonstrate that they do not have the constitutionally required minimum contacts with the State of Florida to permit personal jurisdiction over them. Neither of them could or should have reasonably anticipated that simply carrying out their lawful duties as an employee in Nevada would subject them to jurisdiction in a Florida court. *See Wyndham Int'l, Inc.*, 599-600 (quoting *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2184 (1985)).

V. **Motion to dismiss for failure to state a cause of action (Rule 12(b)(6)).**

As discussed above, the Complaint alleges very few factual allegations against the Nominal Defendants. Not only does this dearth of real allegations prevent the Court from exercising personal jurisdiction over the Nominal Defendants, but it also means that Plaintiffs have not stated a cause of action against the Nominal Defendants. Plaintiffs have not supported their conclusory allegations with real facts, and in doing so have failed to properly allege their purported causes of action.

In ruling on a motion to dismiss "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air*

*Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. (Fla.) 2003). Further, conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements of the cause of action will not defeat a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). Further, when deciding a Rule 12(b)(6) motion, the court cannot assume that the plaintiff can prove that which the plaintiff has not itself alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. (Tenn.) 1996).

    a.    **First Claim for Relief (Breach of Contract-Imperial Recovery) and Second Claim for Relief (Breach of Contract-I Recovery).**

Plaintiff's first and second claims for relief allege breach of contracts with Imperial Recovery and I Recovery, respectively. To establish a breach of contract in Florida, it is plaintiff's burden to prove: (1) a contract existed; (2) the contract was breached; and (3) damages flowed from that breach. *A.R. Holland, Inc. v. Wendco Corp.*, 884 So.2d 1006, 1008 (Fla. 1st DCA 2004). Since the allegations in the Complaint are that Imperial Recovery and I Recovery breached their relative Commission Agreements, but there is no allegation that the Nominal Defendants themselves breached any contract with the Plaintiff, the Complaint clearly fails to state a cause of action against the Nominal Defendants. Therefore, the first and second claims for relief should be dismissed as to the Nominal Defendants.

    b.    **Third Claim for Relief (Unjust Enrichment).**

Plaintiff's third claim for relief alleges that the Nominal Defendants were unjustly enriched. "The elements of an unjust enrichment claim are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1242 n.2 (Fla. 2004) (internal quotation marks omitted). Plaintiff states in conclusory fashion at

paragraph 64 of the Complaint that the Nominal Defendants accepted and retained "the benefits of the customer accounts UCR owns", without explaining how the Nominal Defendants have done so. The failure is fatal to Plaintiff's claim because Plaintiff also alleges that the Nominal Defendants were at all times acting as employees. Complaint at Paragraphs 7-12. If Plaintiff means to allege that the Nominal Defendants personally retained funds of their employers, it must say so explicitly. *See Cline v. Rogers*, 87 F.3d at 184 (court may not assume plaintiff can prove that which it has not pleaded). Without a direct and express allegation that the Nominal Defendants personally retained funds belonging to Plaintiff, the Unjust Enrichment count fails and must be dismissed as to the Nominal Defendants.

c.   **Fourth Claim for Relief (Conversion – Defendants).**

For much the same reason that the Unjust Enrichment count should be dismissed as to the Nominal Defendants, the Conversion count should also be dismissed. In short, there is no allegation that the Nominal Defendants wrongfully deprived the Plaintiff of its property. *See Star Fruit Co. v. Eagle Lake Growers, Inc.*, 33 So.2d 858, 860 (Fla. 1948) (wrongful deprivation is the crucial element of conversion). It is true, of course, that the Complaint recites the elements of conversion, but just reciting the elements without providing specific facts supporting the cause of action is insufficient. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949-1950; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-1965. Plaintiff puts forth no facts as to the Nominal Defendants demonstrating that they, or any one of them, wrongfully deprived the Plaintiff of its property. Even the allegations against Mr. Reeds and Mr. Schneider regarding downloading and deleting data do not allege that the actions they took were wrongful. Therefore, the fourth claim for relief should be dismissed.

d.   **Fifth Claim for Relief (Intentional Interference with Contractual Relations – Defendants) and Sixth Claim for Relief (Intentional Interference with Prospective Economic Advantage – Defendants).**

As with its Conversion count, the Plaintiff has failed to include any specific factual allegations as to how the Nominal Defendants allegedly "engaged in intentional acts intended or designed to disrupt [the Plaintiff's] contractual relationships." Complaint at Paragraph 79; *see McKinney-Green, Inc. v. Davis*, 606 So.2d 393, 397 (Fla. 1st DCA 1992) (elements of cause of action for interference with contractual relations include intentional procurement of the contract's breach); *see also Charles Wallace Co., Inc. v. Alt. Copier Concepts, Inc.*, 583 So.2d 396, 397 (Fla. 2d DCA 1991) (intentional interference is also an element of interference with prospective economic advantage). Simply reciting the elements of the cause of action is insufficient. *Iqbal* at 1949-1950; *Twombly* at 1964-1965. None of the allegations of specific actions by the Nominal Defendants even suggest interference with Plaintiff's contractual or prospective relations. *See Cline v. Rogers*, 87 F.3d at 184 (6th Cir. (Tenn.) 1996) (court cannot assume plaintiff can prove that which it did not plead). Therefore, at least as to the Nominal Defendants, Plaintiff has failed to state a cause of action in its fifth and sixth claims for relief.

e.   **Seventh Claim for Relief (Civil Conspiracy – Defendants).**

For its seventh claim for relief, Plaintiff alleges a civil conspiracy. This claim, like all of the others, fails for want of specific factual allegations against the Nominal Defendants demonstrating a conspiracy. "A cause of action for conspiracy requires showing '(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to [the] plaintiff as a result of the acts performed pursuant to the conspiracy.'" *Olson v. Johnson*, 961 So.2d 356, 359 (Fla. 2d DCA 2007) (quoting *Walters v. Blankenship*, 931 So.2d 137, 140 (Fla. 5th DCA 2006)). The Complaint does not allege *any* overt acts by Mr. Ham, Ms. Ham, or

*UCR v. Bexten, et al.*
*Motion to Dismiss for Lack of Personal Jurisdiction*

Mr. Owens, so it obviously fails to identify an overt act by them in furtherance of the conspiracy. The single, vague allegation that Mr. Miller "was discovered by UCR to have posted $1 million in payment plans owed to UCR" does not support a conspiracy. Complaint at Paragraph 28. There is no allegation that this action was unlawful nor is there an allegation as to how this furthered the alleged conspiracy. The same is true of the Plaintiff's allegations regarding Mr. Reeds' and Mr. Schneider's interactions with the various computer systems. Complaint at Paragraph 26. There is no allegation that these actions were unlawful nor is it alleged how they furthered the conspiracy. As such, Plaintiff fails to state a cause of action against the Nominal Defendants for Civil Conspiracy.

## VI. <u>Alternative motion for more definite statement.</u>

In the event that this Court denies the Nominal Defendants' Motion to Dismiss, the Nominal Defendants' alternatively move for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure. As discussed above in detail, the Complaint does not provide even the most basic details as to what actions the Nominal Defendants allegedly took to give rise to the alleged causes of action. The formulaic recitations of the elements of the various causes of action pleaded in the Complaint provide no basis upon which the Nominal Defendants can reasonably prepare a response to the Complaint. Therefore, if the Complaint is to proceed, Plaintiffs should be ordered to provide a more definite statement as to what actions the Nominal Defendants allegedly took that gave rise to the causes of action.

## VII. <u>No waiver of defenses.</u>

The Nominal Defendants maintain that there are numerous defenses that negate all liability under the Complaint. However, the Nominal Defendants recognize that many of those defenses are more appropriately addressed outside the context of a Rule 12 motion. The Nominal Defendants have raised in this Motion only those defenses that they believe are

UCR v. Bexten, et al.
*Motion to Dismiss for Lack of Personal Jurisdiction*

appropriate for a Rule 12 motion, but they intend to raise additional defenses should this Court permit the Complaint to proceed past the motion to dismiss stage.

WHEREFORE, the Nominal Defendants ask this Court to:

a. dismiss Plaintiffs' Complaint against them for lack of subject matter jurisdiction (failure to meet long-arm statute) and for failure to state a cause of action, or, in the alternative,

b. to direct Plaintiff to amend its Complaint to provide a more definite statement as to the specific actions allegedly taken by the Nominal Defendants, and

c. for such further relief as this Court deems just and proper.

Respectfully submitted, December 13, 2011.

/s/ Richard S. Dellinger
**RICHARD S. DELLINGER, ESQUIRE**
Florida Bar No. 0179957
**RONALD D. EDWARDS, JR., ESQUIRE**
Florida Bar No. 0053233
Lowndes, Drosdick, Doster, Kantor & Reed, P.A
215 North Eola Drive
Orlando, Florida 32802
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 13, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to:

0161052\154314\1412965\1

*UCR v. Bexten, et al.*
*Motion to Dismiss for Lack of Personal Jurisdiction*

**DAVID E. CANNELLA, ESQUIRE** and **DANIEL C. JOHNSON, ESQUIRE**, Carlton Fields, P.A., 450 South Orange Avenue, Suite 500, Orlando, Florida 32801 (*counsel for United Credit Recovery, LLC*); and

**NICHOLE M. MOONEY, ESQUIRE**, and **MELANIE S. GRIFFIN, ESQUIRE**, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Post Office Box 2346, Orlando, Florida 32802-2346 (*counsel for Imperial Recovery Partners, LLC, Regent Asset Management Solutions, and Michael Scata*).

/s/ *Richard S. Dellinger*
**RICHARD S. DELLINGER**