# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED CREDIT RECOVERY, LLC,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:11-cv-1714-Orl-31KRS**

**JASON BEXTEN, IMPERIAL RECOVERY PARTNERS, LLC, I RECOVERY LLC, REGENT ASSET MANAGEMENT SOLUTIONS, MICHAEL SCATA, ERIC HAM, SHANE SCHNEIDER, MICHAEL REEDS, JOSH MILLER, BART OWENS and SHANE SCHNEIDER,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 123) filed by Defendant Bart Owens ("Owens") and the response in opposition (Doc. 136) filed by the Plaintiff, United Credit Recovery, LLC ("UCR"). Owens contends that this Court lacks personal jurisdiction over him and that UCR has failed to state a claim against him.

### BACKGROUND

The instant dispute involves a falling out among debt collectors. The relationships and disputes at issue here are difficult to summarize. But, briefly stated, the situation is as follows: UCR buys debts from the original creditors and then assigns it to debt collection agencies, while retaining ownership of the debt. Defendant Jason Bexten ("Bexten") was a principal in a number of such agencies – including Defendant I Recovery, LLC ("I Recovery") -- providing dialing and

data management software and hardware to them. At all relevant times, I Recovery was a Nevada LLC and Bexten was a Nevada resident. Owens, also a Nevada resident, was the collections manager for I Recovery. In October 2011, after a falling-out between Bexten and UCR, Bexten terminated the ability of UCR and one of its collections agencies, World Recovery Service LLC ("World Recovery"), to use certain equipment and software he had provided. This rendered UCR temporarily unable to make any debt collections. Bexten also began to have I Recovery collect on UCR's accounts for Bexten's own benefit, to pay off sums allegedly owed to him by Defendant Imperial Recovery Partners LLC ("Imperial Recovery"), a collections agency in which Bexten had been a principal and which allegedly had been taken over by UCR.

On October 25, 2011, approximately two weeks after Bexten terminated the use of the equipment and software, UCR filed the instant suit, along with a motion for a temporary restraining order to restore its ability to collect on its accounts and to bar Bexten from continuing to do so. (Doc. 1, 3). The TRO issued the same day. (Doc. 6). On November 4, 2011, partway through a hearing on the TRO, the parties entered into settlement that resulted in its dissolution and allowed the parties to resume their (now separate) debt collection activities. On May 8, 2012, UCR filed an amended complaint (Doc. 100).

According to the allegations of the amended complaint, which are accepted as true for purposes of resolving this motion, Owens "acted within the scope and service of the entities of which he was an employee or agent but also committed intentional torts for which those entities and he are personally liable as alleged herein." (Doc. 100 at 3-4). UCR also alleges that Owens travelled to Florida twice to work in the offices of World Recovery and UCR, and to train employees of World Recovery. (Doc. 100 at 7).

## STANDARDS

**Motions to Dismiss for Lack of Personal Jurisdiction**

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the Complaint sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir.1999); see also *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir.1986) (describing procedure for plaintiff to establish personal jurisdiction under Florida's long-arm statute). Where a defendant challenges jurisdiction by submitting affidavits in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Posner*, 178 F.3d at 1214; see also *Polski Linie Oceaniczne*, 795 F.2d at 972.

To exercise personal jurisdiction over a defendant, the Court must determine whether the exercise of jurisdiction is: (1) specific or general; (2) appropriate under the state's long-arm statute; and (3) comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Stubbs v. Wyndham Nassau Resorts & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).

Specific jurisdiction is founded on a defendant's activities in the forum that are related to or arise out of the cause of action alleged in the complaint. *Stubbs*, 447 F.3d at 1360 n. 3 (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000)). If a defendant is subject to specific jurisdiction on one claim but not another, the Court may, in certain circumstances, exercise personal jurisdiction over the defendant as to both claims. 4A CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1069.7 (3d ed. Supp. 2009). General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated. *Stubbs*, 447 F.3d at 1360 n. 3 (citing *Meier*, 288 F.3d at 1269). If the defendant is subject to the general jurisdiction of the court, it must respond in that court to any claim in the complaint. Id.

The exercise of specific jurisdiction comports with due process if the defendant has certain "minimum contacts" with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation and citation omitted); *see also, e.g., Fraser v. Smith*, 594 F.3d 842, 845 (11th Cir. 2010). In assessing these contacts, the Court must determine whether the defendant purposefully availed itself of the privilege of conducting activities in Florida – or purposefully established contacts in Florida – and whether there is a sufficient nexus between those contacts and the litigation. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

## **ANALYSIS**

At page 7 of its response, UCR contends that Owens is subject to specific jurisdiction under one of the following two provisions of the Florida's long-arm statute:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state
>
> FLA. STAT. § 48.193(1).

Despite making this argument in its response, UCR does not allege in the amended complaint that Owens operated, conducted or otherwise engaged in business in Florida so as to bring himself within Section 48.193(1)(a). UCR does allege in that document that all of the defendants "engaged in substantial and not isolated activity within Florida," but this is not the equivalent of an allegation that the defendants engaged in business within the state. Rather, it is an allegation that would support the exercise of general jurisdiction under Fla. Stat. § 48.193(2). But UCR does not argue in its response that Owens is subject to general jurisdiction.

In relation to Section 48.193(10)(b), UCR does allege that Owens "committed intentional torts" (Doc. 100 at 3). It does not specify that the intentional torts occurred within the state of Florida. However, as Owens does not contest the point, the Court will assume that UCR has sufficiently alleged that Owens committed a tortious act within this state.

In response to these allegations, Owens has submitted an affidavit (Doc. 123-1) in which he denies having any knowledge of or involvement in any of the alleged misconduct. As a result, the burden shifts back to Plaintiff to produce evidence supporting jurisdiction. *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. See *Dublin Co. v. Peninsular Supply Co.*, 309 So. 2d 207 (Fla. 4th DCA 1975).

UCR attempts to meet this burden by pointing to the affidavit of its director, Leonard Potillo (Doc. 3-1), which was originally submitted in support of the motion for a temporary restraining order. According to UCR's response to the instant motion, Potillo at paragraph 17 of his affidavit "identifies Owens as a person who directly downloaded the UCR customer account information and removed it from UCR's server so that it could not access its business records to

Case 6:11-cv-01714-GAP-KRS   Document 144   Filed 10/18/12   Page 6 of 6 PageID 1687

transact business." (Doc. 136 at 9). However, the cited passage of Potillo's affidavit is not at all conclusive as to Owens's participation in the alleged misdeeds:

> 17.   Michael Reeds ("Reeds") (I Recovery's senior information technology employee) and Shane Schneider ("Schneider") (who is Bexten's cousin) are computer programmers for Imperial Recovery and I Recovery. *Apparently at Bexten's direction, Owens, Reeds, and/or Schneider directly downloaded UCR's customer account information and then removed it from UCR's server so that it cannot access its business records to transact business.*

(Doc. 3-1 at 4) (emphasis added). Potillo is simply hazarding a guess as to the most likely culprits, not providing testimony based on personal knowledge. This "evidence" is not sufficient to meet UCR's burden, and UCR offers nothing else. Accordingly, the motion is due to be granted.[1]

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 123) is **GRANTED**, and all claims against Defendant Dale Owens are **DISMISSED WITHOUT PREJUDICE FOR LACK OF PERSONAL JURISDICTION**, as set forth above.[2]

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Because the Court finds that UCR has failed to satisfy this burden, it will not address Owens's arguments regarding the corporate shield doctrine or Rule 12(b)(6).

[2] The Court previously granted Owens's motion to dismiss for lack of jurisdiction. (Doc. 74). However, that dismissal was on a slightly different basis. Therefore, the Court will permit UCR one final opportunity to demonstrate that Owens is subject to jurisdiction in the courts of this state. Should it wish to attempt to do so, UCR may file a second amended complaint on or before November 2, 2012.