### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED CREDIT RECOVERY, LLC,**

        **Plaintiff,**

**v.**                                                    **Case No:  6:11-cv-1714-Orl-31KRS**

**JASON BEXTEN, IMPERIAL RECOVERY
PARTNERS, LLC, I RECOVERY LLC,
REGENT ASSET MANAGEMENT
SOLUTIONS, MICHAEL SCATA, ERIC HAM,
MICHAEL REEDS, JOSH MILLER, BART
OWENS,**

        **Defendants.**

_____

### ORDER

This matter comes before the Court on the Objection (Doc. 172) to Magistrate Judge Spaulding's Order (Doc. 170) denying without prejudice the Motion to Withdraw (Doc. 169) filed by the attorneys for Defendants Jason Bexten ("Bexten"); Michael Scata ("Scata"); Imperial Recovery Partners, LLC; I Recovery LLC; and Regent Asset Management Solutions.

The attorneys (henceforth, the "Coye Law Firm") sought to withdraw on the grounds that "irreconcilable differences" had arisen, causing "a breakdown of the attorney client relationship." (Doc. 169 at 1).  Judge Spaulding denied the motion in part because there had been no showing that Bexten and Scata intended to represent themselves or had retained substitute counsel.  (Doc. 170 at 2).  As for the other Defendants -- Imperial Recovery Partners, LLC, I Recovery LLC, and Regent Asset Management Solutions (henceforth, the "Corporate Defendants") – given that they could not appear *pro se*, and consistent with the past practice in this division, Judge Spaulding

required an appearance from substitute counsel before she would permit the Coye Law Firm to withdraw from their representation.  (Doc. 170 at 2).

The Coye Law Firm filed a timely objection pursuant to Federal Rule of Civil Procedure 72(a).  Rule 72(a) requires a District Court to set aside or modify any portion of a magistrate judge's order that is clearly erroneous or contrary to law.  In its objection, for the first time, the Coye Law Firm informed the Court that it was "unable to secure direction" from its clients about the litigation – including such matters as setting deposition and mediation dates and responding to discovery requests -- and that the clients were "unable to finance continued litigation."  (Doc. 172 at 2-3).   The Coye Law Firm argued that it could not ethically represent clients under such circumstances.

Because none of this information had been made known to Judge Spaulding, the Coye Law Firm has not shown that any portion of her order was clearly erroneous or contrary to law.  Accordingly, the objection will be overruled.  However, the Court sympathizes with the firm's plight and agrees that attorneys cannot be expected to represent a client that does not communicate with them.  (The Court also notes that the affected Defendants were notified prior to the filing of the motion to withdraw (Doc. 169 at 2) and that no party has objected to the withdrawal.)  Because of this, the Court will treat the objection as a second motion to withdraw, which it will grant.

Unless they retain substitute counsel, Defendants Jason Bexten and Michael Scata will be responsible for all facets of their cases up to and including trial, including responding to discovery requests, setting dates for depositions and mediation, and abiding by the rules and the orders of this Court, including all applicable deadlines.  Defendants Imperial Recovery Partners, LLC; I Recovery LLC; and Regent Asset Management Solutions cannot represent themselves in court.  Therefore, they will be given 30 days from the date of the entry of this order to retain substitute

counsel.  Failure to do so may result in dismissal of their counterclaims and the entry of default against them.

In consideration of the foregoing, it is hereby

**ORDERED** that the Objection (Doc. 172) to Magistrate Judge Spaulding's order (Doc. 170) is **OVERRULED**.  And it is further

**ORDERED** that Wade B. Coye, Daniel E. Smith, and the Coye Law Firm, P.A., are relieved from further responsibility in this matter.  The Clerk is **DIRECTED** to remove them from the electronic filing notice and mailing matrix.  And it is further

**ORDERED** that that, in addition to adding them to the notice list for future filings, the Clerk is **DIRECTED** to mail a copy of this order to the affected Defendants at their last known address, which may be found at page 2 of The Coye Law Firm's motion to withdraw (Doc. 169).

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2013.

 

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties