# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED CREDIT RECOVERY, LLC,**

    **Plaintiff,**

**v.**                                                    **Case No: 6:11-cv-1714-Orl-31KRS**

**JASON BEXTEN, IMPERIAL RECOVERY PARTNERS, LLC, I RECOVERY LLC, REGENT ASSET MANAGEMENT SOLUTIONS and MICHAEL SCATA,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 253) filed by Defendants Jason Bexten and Michael Scata (henceforth, the "Movants").

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[1] The decision to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the United States

alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990). Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y. 1996).

---

Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

In the instant case, the Movants seek reconsideration of this Court's order (Doc. 249) denying them the ability to present any evidence, other than their own testimony, as a sanction for failing to participate in discovery. In their motion, Bexten and Scata reassert the same arguments presented at the November 8, 2013 hearing that resulted in the order at issue. To the extent they have presented anything new, it is not relevant to the central issue – *i.e.*, their failure to participate in discovery.

The Movants have not shown that grounds for reconsideration exist here. Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 253) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties